SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2871 PA (RCx) | Date | April 21, 2010 |
|---|---|---|---|
| Title | Citibank (South Dakota) N.A. v. Shelly L. Randolph | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Shelly L. Randolph ("Defendant"). (Docket No. 1.) Defendant asserts that federal jurisdiction exists on the basis of a federal question. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); see also Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) ("The defendant also has the burden of showing that it has complied with the procedural requirements for removal."). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Thus, a plaintiff is generally the "master of the claim." Id. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. Similarly, a counterclaim involving federal law does not provide a basis for federal question jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830, 122 S. Ct. 1889, 1894, 153 L. Ed. 2d 13 (2002). The only exception to this rule is where plaintiff's federal claim has been disguised by

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2871 PA (RCx) | Date | April 21, 2010 |
|---|---|---|---|
| Title | Citibank (South Dakota) N.A. v. Shelly L. Randolph | | |

"artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

      Here plaintiff Citibank (South Dakota) N.A.'s ("Plaintiff") Complaint alleges a single cause of action under state law for Defendant's failure to repay a debt in the amount of $22,111.94.  Defendant's Notice of Removal asserts that federal question jurisdiction exists because Plaintiff's actions constitute discrimination in violation of 42 U.S.C. §§ 1981, 1982 and the Americans with Disabilities Act, violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq., and violations of the Fair Lending Laws, including Federal Reserve Board Regulation B.  None of these federal claims appear anywhere on the face of Plaintiff's Complaint, nor has Defendant shown that Plaintiff's state law claim is preempted by federal law.  Rather, the allegations in Defendant's Notice of Removal appear to be defenses or counterclaims that Defendant plans to bring against Plaintiff.  Such defenses or counterclaims do not provide a basis for this Court's jurisdiction.

      For the foregoing reasons, Defendant has failed to meet her burden to demonstrate the Court's subject matter jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case Number 10C01058.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.